U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 NOV 13 AM 10: 50

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

KELLY CARDONA, VERÓNICA MEJÍA, )
and A.C., )
)
Plaintiffs, )
)
v. )                              Case No. 2:23-cv-492
)
UR M. JADDOU, Director, United States )
Citizenship and Immigration Services, )
)
Defendant. )

## DISMISSAL ORDER

A review of the docket in this case reveals the following:

1. On October 16, 2023, Plaintiffs filed a Complaint against Ur Jaddou, the Director of the United States Citizenship and Immigration Services. (Doc. 1.) It appears that Plaintiff A.C. is a minor. Plaintiffs paid the filing fee and filed Notices of Pro Se Appearance. (Docs. 2–4.)

2. The Notices of Appearance list a street address in Texas and a post office box in Burlington, Vermont as the mailing address. (Docs. 2–4.) The mailing address appears to be the address of a company providing assistance to self-represented litigants seeking relief related to immigration.

3. On December 1, 2023, Defendant filed a motion to obtain contact information, for a status conference to discuss Plaintiff A.C.'s potential minor status, and to stay all deadlines until the status conference is held. (Doc. 5.)

4. On October 1, 2024, the court dismissed A.C.'s claims without prejudice, denied as moot Defendant's motion, and ordered the remaining Plaintiffs to provide the court with a current mailing address and to show cause why the case should not be dismissed. Plaintiffs were warned that "[f]ailure to file a response to this Order on or before November 1, 2024, may result in the dismissal of this case." (Doc. 6 at 3 (emphasis omitted).)

5. No further filings have been received as of the date of this Order.

As the court has explained, pursuant to this court's Local Rules, a party has an obligation to apprise the court of a current mailing address to which a court may mail orders and other notices. D. Vt. L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of

address[.]").  Moreover, a party has an obligation to monitor a lawsuit in which he or she is involved, especially if the party has initiated the litigation.  *See U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[P]arties have an obligation to monitor the docket sheet to inform themselves of the entry of orders[.]").

Second, the Federal Rules of Civil Procedure authorize dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b).  Although Rule 41(b) does not define "failure to prosecute," the Second Circuit has held that "[i]t can evidence itself . . . in an action lying dormant with no significant activity to move it."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

The only filings the court has received from Plaintiffs are the Complaint and Notices of Appearance filed over a year ago.  Plaintiffs were warned that their failure to respond to the court's October 1 Order could result in dismissal of this case.  Accordingly, this case is DISMISSED WITHOUT PREJUDICE for failure to comply with court rules and orders.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of November, 2024.

/s/ Geoffrey W. Crawford
District Judge
United States District Court

2